## HENRY BISHOP *vs.* DANIEL FAHAY.

The *St.* of 1858, *c.* 139, § 1, declaring that it shall be the right of any person, and the duty of any sheriff, deputy sheriff or constable, upon the request of any legal voter, to kill a dog going at large, and not registered and collared as provided by that statute, does not authorize an entry into a dwelling-house, without the owner's leave, in order to kill a dog.

The defendant, in an action for unlawfully entering a dwelling-house and there killing a dog, cannot object to a verdict for the plaintiff, because no damages are assessed for the unlawful entry.

ACTION OF TORT. The declaration contained two counts; one for forcibly entering the plaintiff's close in Woburn, and taking and carrying away his dog and destroying it, and converting it to the defendant's own use; and the second count differing only in not alleging a breach of the plaintiff's close. The defendant in the answer denied all the facts alleged, except the killing of the dog; and alleged that, acting under the orders of a deputy, residing in that town, of the sheriff of Middlesex, he killed the dog, because it was going at large, and not registered and numbered and wearing a collar, as required by *St.* 1858, *c.* 139.

At the trial in the court of common pleas in Middlesex at June term 1859, the defendant proved the facts alleged in the answer; and that the defendant upon the 24th of September 1858, finding the dog outside of the plaintiff's close, followed it into the plaintiff's house without his leave, and carried away the dog and killed it. It was agreed that the dog was three months old upon said 24th of September, and that its value was fifty cents.

Upon these facts, *Mellen,* C. J. instructed the jury that the defendant had no right to go upon the plaintiff's close and kill the dog; and directed a verdict for the plaintiff for fifty cents, which was returned; and the defendant alleged exceptions.

*J. M. Randall,* for the defendant, to the point that the dog was lawfully killed, cited Rev. Sts. *c.* 58, § 12; *St.* 1858, *c.* 139, § 1; 3 Bl. Com. 213; *Tower* v. *Tower,* 18 Pick. 262; and *Pierret* v. *Moller,* 3 E. D. Smith C. P. 576; and contended that, although the defendant went upon the plaintiff's close without his

leave, yet, as the jury had assessed no damages for the trespass, it was not an issue in this case.

*E. D. Hayden,* for the plaintiff.

METCALF, J. We are of opinion that the defendant was not authorized by *St.* 1858, *c.* 139, to enter the plaintiff's house, without his leave, for the purpose of taking away his dog. The entry into the house was a trespass, and the subsequent killing of the dog unjustifiable, even if the killing would otherwise have been lawful. We have not considered the question, whether a dog three months old in September is required by *St.* 1858 to be registered and numbered, and to wear a collar, before the first day of the next May.

Though the defendant was liable to damages, on the first count, for entering the house, as well as for the killing of the dog, yet it is not for him to take the exception that no damages were assessed for such entry.          *Exceptions overruled.*